IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ, Plaintiff, v. CACHE COUNTY *et al.*, Defendants. | **MEMORANDUM DECISION AND DISMISSAL ORDER** Case No. 1:19-CV-117 HCN Howard C. Nielson, Jr. United States District Judge |

Plaintiff filed this *pro se* prisoner civil-rights suit under 42 U.S.C.S. § 1983. Plaintiff was granted leave to proceed *in forma pauperis*. *See* 28 U.S.C.S. § 1915. Screening the Complaint (Dkt. No. 3) under its statutory review function, *see* 28 U.S.C.S. § 1915A, the court concluded that Plaintiff must cure deficiencies in an amended complaint, *see* Dkt. No. 18. When Plaintiff failed to timely file an amended complaint, the court ordered him to show cause why this action should not be dismissed. *See* Dkt. No. 22. In response, Plaintiff filed an Amended Complaint, *see* Dkt. No. 24, which the court now screens.

In his Amended Complaint, Plaintiff names two defendants: (1) Cache County, though the court warned him in past orders that he had not affirmatively linked the County to a civil-rights violation and had not "established a direct causal link between his alleged injuries and any custom or policy of Cache County," Dkt. Nos. 18, 22, and (2) Judge Terry Moore, who "tried and sentenced" Plaintiff on "two infractions," Dkt. No. 24 at 4.

As for Cache County, Plaintiff alleges that the County "employed the honorable Judge Terry Moore." Dkt. No. 24 at 2. Thus, Plaintiff's amended complaint still fails to affirmatively link the County to a civil-rights violation or to allege a direct causal link between his alleged

injuries and any County custom or policy. As for Defendant Moore, Plaintiff alleges that that he was unconstitutionally convicted and sentenced on criminal charges and that Judge Moore "was acting as Judge in my case." *Id.* His claims against Judge Moore thus turn on actions taken by the judge in his judicial capacity.

To be valid, the Amended Complaint must clearly state what the defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Moreover, Plaintiff may not name a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

Further, to establish liability of local-government entities, such as Cache County, under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993–94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Local governmental entities may not be held liable under Section 1983 based on the doctrine of *respondeat superior*. *See Monell v. Department of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993).

Plaintiff has not alleged a direct causal link between his alleged injuries and any County custom or policy. Nor has he alleged any other permissible basis for holding the County liable for these alleged injuries. His claims against the County cannot survive these omissions.

As for Plaintiff's claims against Judge Moore, it is well settled that, when acting in a judicial capacity, judges "are absolutely immune from suit unless they act in 'clear absence of all

jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Plaintiff's allegations make clear that Judge Moore was acting in a judicial capacity in this case and is thus entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008).

Because Plaintiff's amended complaint still fails to state any claim upon which relief can be granted, this action is **DISMISSED** with prejudice. *See* 28 U.S.C.S. § 1915(e)(2)(ii) (2020).

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2021.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge